[L. A. No. 1458. Department Two.—November 29, 1905.]

MATILDA A. BROWN, Appellant, v. G. W. JORRES, Respondent.

STATE SCHOOL LANDS—CANCELING CERTIFICATE OF PURCHASE—DEFAULT JUDGMENT—PUBLICATION OF SUMMONS.—Judgment refusing to set aside a judgment by default, based on a publication of summons, canceling a certificate of purchase of school lands, affirmed on the authority of *Cargile* v. *Silsbee, ante,* p. 259.

APPEAL from a judgment of the Superior Court of San Diego County. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

W. H. Larew, and Edwin A. Wells, for Appellant.

W. R. Andrews, for Respondent.

McFARLAND, J.—A demurrer to the complaint was sustained, and, plaintiff declining to amend, judgment went for defendant. Plaintiff appeals from the judgment.

It appears from the complaint that in 1889 appellant made application to purchase certain school land, and received from the register of the state land office a certificate of purchase for said land; that in 1895 an action in the name of the people was brought against appellant to foreclose her rights in said lands and to annul her said certificate for delinquencies in making payments on said purchase; that

service was made on appellant by publication of summons; that she made default, and judgment of foreclosure and annulment of her certificate was entered; and that afterward a certificate of purchase for said land was issued to the respondent herein, G. W. Jorres. The purpose of this present action is to obtain a judgment setting aside the former judgment of foreclosure and decreeing the appellant's certificate of purchase to be good and valid, and that the certificate issued to respondent Jorres is null and void, and that plaintiff is the owner and entitled to the possession of said land, etc. The basis of appellant's cause of action is the asserted invalidity of the foreclosure judgment for alleged want of a legal service of summons by publication and other reasons. There is no occasion for discussing here in detail the positions taken by appellant; for we see no substantial difference, as to the contentions which she here makes, between the case at bar and the case of *Cargile* v. *Silsbee, ante,* p. 259, recently decided by this court, [82 Pac. 1044], where the same contentions were held to be not maintainable; and upon the authority of that case, and for the reasons given in the opinion therein, the judgment in the case at bar must be affirmed. (See, also, the cases cited in *Cargile* v. *Silsbee, ante,* p. 259.)

The judgment appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.